**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraham Cervantez, | No. CV 05-1038-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Pending before the Court is the Defendant's Motion to Dismiss (Doc. # 13). The Court now rules on the motion.

I.     Background

Plaintiff, Abraham Cervantez files this action *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff's Complaint alleges that he was subjected to improper diet, overcrowding, and unsanitary conditions when he was detained at a Maricopa County jail facility. The Defendant moves to dismiss the Plaintiff's Complaint on the basis that the Plaintiff failed to exhaust his administrative remedies prior to filing this action.

In support of his Motion to Dismiss, the Defendant has provided the Court with: (1) copies of the inmate grievance procedures and rules and regulations for inmates that were provided to the Plaintiff; and (2) an affidavit from a relevant employee avowing that Plaintiff did not file any grievances.   The Defendant also points out that the Plaintiff's Complaint

1 concedes that administrative procedures were available but that the Plaintiff did not exhaust
2 them.

3       The Plaintiff failed to respond to the Defendant's Motion to Dismiss.

4 II.    Legal Standard and Analysis

5       A motion to dismiss for a failure to exhaust non-judicial remedies is a
6 "non-enumerated" Rule 12(b) motion. *Ritza v. Int'l Longshoremen's and Warehousemen's*
7 *Union*, 837 F.2d 365, 369 (9th Cir.1988) (per curiam). In deciding a motion to dismiss for
8 a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and
9 decide disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).
10 If the court concludes that a prisoner failed to fully exhaust the non-judicial remedies, the
11 proper remedy is dismissal without prejudice. *Id.* at 1120.

12       The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought
13 with respect to prison conditions under section 1983 of this title, or any other federal law, by
14 a prisoner confined in any jail, prison, or other correctional facility until such administrative
15 remedies as available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement
16 creates an affirmative defense, meaning the defendants have the burden of raising and
17 proving non-exhaustion of the claims. *Wyatt*, 315 F.3d at 1113. The exhaustion requirement
18 applies to all inmate suits concerning prison life. *Porter v. Nussle*, 534 U.S. 516, 532 122
19 S.Ct. 983, 992 (2002). The inmate must complete the administrative procedure, regardless
20 of the relief available. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).
21 Furthermore, a prisoner's concession to non-exhaustion of the administrative process
22 constitutes valid grounds for a dismissal, as long as no exception to exhaustion applies.
23 *Wyatt*, 315 F.3d at 1120.

24       In its August 16, 2005, Order, this Court warned the Plaintiff that his failure to
25 respond to the Defendant's Motion to Dismiss "**could be deemed consent to the granting**
26 **of that Motion without further notice**." Further, this Court instructed Plaintiff that "if
27 Defendant produces evidence demonstrating that you failed to exhaust your administrative
28 remedies, your complaint will be dismissed without prejudice unless you provide copies of

- 2 -

1  your grievances and grievances appeals or other admissible evidence sufficient to show that
2  you did exhaust all available administrative remedies."

3  The Plaintiff, by his complete failure to respond to the motion, has also failed to
4  provide any evidence that he grieved any of the counts alleged in his complaint or that the
5  administrative procedures were not available to him. Additionally, the Plaintiff's concession
6  in his Complaint to non-exhaustion of the administrative process constitutes valid grounds
7  for dismissal. *Wyatt*, 315 F.3d at 1120. Therefore, dismissal without prejudice is
8  appropriate.

9  III.  CONCLUSION
10  Based on the above ruling,
11  IT IS ORDERED GRANTING the Defendants' Motion to Dismiss (doc. # 13) and
12  dismissing this action.
13  DATED this 29th day of November, 2005.

James A. Teilborg
United States District Judge

- 3 -